[No. 10366. Department Two. September 23, 1912.]

MARY H. THURSTON *et al., Appellants,* v. HYMAN COHN
*et al., Respondents.*[1]

FRAUD — FALSE REPRESENTATIONS — ACTION FOR DAMAGES — EVIDENCE—SUFFICIENCY. The evidence does not warrant the rescission of a sale of hotel fixtures on account of fraudulent representations by the seller as to the expense of running the hotel and the cost of the fixtures, where wilful misstatements are not shown, the average cost was correctly stated, without any considerable variation, and the estimated expenses depended largely on individual care and economy, and there was no attempt to show that the defendants did not pay for the fixtures the stated cost.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered January 17, 1912, dismissing an action for damages for fraud, upon withdrawing the case from the jury. Affirmed.

*Samuel R. Stern,* for appellants.

*Samuel Edelstein,* for respondents.

PER CURIAM.—On October 1, 1910, the respondent Cohn held a lease on a hotel, situated in the city of Spokane,

[1]Reported in 126 Pac. 537.

which lease extended over a period of years. The lease was of the naked property, and they had theretofore furnished the hotel on their own account at a considerable expense. On the day named, they entered into a contract of sale with the appellants, by the terms of which they agreed to sell them the hotel furnishings and to assign to them the lease for a consideration of $16,000, some six thousand dollars of which was to be paid in property which the appellants agreed to deed to them, and the balance in monthly installments of $200 each, the title to pass on the completion of the payments. A deed was executed to the respondents of the property agreed to be taken in exchange, and a conditional bill of sale given by them of the personal property, to evidence the further agreement. The appellants entered into possession of the property, and operated the hotel until about the middle of January, 1911, when they abandoned it on notice served upon them to quit or pay the rent; they having failed to pay to the owner of the property the rent for the month of January, which, by the terms of the lease, was payable in advance.

Immediately after abandoning the premises, the appellants brought the present action to recover in damages the losses sustained by them because of the adventure. They alleged that they were induced to enter into the contract by certain representations made to them by the respondents concerning the value of the hotel fixtures, the costs of running the business, and the earnings thereof, which representations they further allege were false and fraudulent and known to be such by the respondents at the time they were made, and further that they were made to induce the appellants to purchase the property that respondents might be relieved of an unprofitable and undesirable investment. Issue was taken on the allegations of the complaint, and a trial entered upon by the court sitting with a jury. At the conclusion of the appellants' case in chief, the court took the case from the jury on the challenge of the respondents to the sufficiency of the

evidence, and entered a judgment to the effect that the appellants take nothing by their action. This appeal is from the judgment so entered.

The principal question is the sufficiency of the evidence to make a case for the jury, and we have examined the record with care to ascertain whether there was error in the ruling of the court to the effect that there was not such evidence. The case is one presenting somewhat peculiar hardships, as the appellants have lost in the venture the somewhat snug little fortune they invested in it. But we are unable to discover that the fault for this lies with the respondents. It is true that, in the course of the negotiations leading up to the sale, they made a number of representations concerning matters of fact, and expressed opinions upon the probable success of the venture, but we find in none of them anything that indicates wilful falsehood or fraud. In so far as the representations as to the facts were concerned, they proved to be in the main substantially correct; at least, there was no such serious errors as to imply any wilful misstatement. They relate chiefly to the expense of operating the hotel, and in some instances the actual cost of certain items proved to be greater than the estimated cost of the same, but there was no considerable variation, and it is not shown that the respondents did not correctly state the average cost of like items during the time they conducted the business. Moreover, the actual operating expenses, those properly chargeable as such during the several months the appellants were in the business, proved not much greater than the estimated expenses. It will not be forgotten that the expenses of the character here in question are not fixed charges, but vary from month to month, and depend largely upon the care and economy of the individual by whom they are incurred. So with the representations as to the cost of the furnishings. While the appellants made some attempt to show that they were of less value than the stated costs, they made no effort to prove that

the respondents did not pay for them the amount they stated
they so paid.

But it is needless to pursue the inquiry. We are satisfied
that the court correctly interpreted the evidence. Affirmed.